Jay Jonathan BENJAMIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–145–CR.

Court of Appeals of Texas, Waco.

Jan. 30, 2002.

George R. Milner, III, Milner, Goranson, Sorrells. Udashen & Wells, Dallas, for appellant.

Bill Hill, Dallas County Crim. Dist. Atty., John R. Rolater, Jr., Dallas County Asst. Dist. Atty., Dallas, for appellee.

Before Chief Justice DAVIS, Justice GRAY, and Justice RICHARDS (Sitting by Assignment).

## OPINION

DAVID L. RICHARDS, Justice (Assigned).

Appellant Jay Jonathan Benjamin was convicted by a jury of the offense of criminally negligent homicide in connection with the death of a Dallas area motorist in an auto accident. *See* TEX. PENAL CODE ANN. § 19.05 (Vernon 1994). The accident occurred at a traffic intersection when a vehicle driven by appellant, who was speeding, collided with a vehicle driven by the deceased, who ran a stop sign. The joint nature of the responsibility for the collision provided for a hotly contested trial. The jury ultimately found appellant not guilty of the charged offense of manslaughter, but instead convicted him of the lesser-included offense of criminally negligent homicide. The sole issue presented on appeal is whether the trial court erred in failing to additionally instruct the jury on the offense of deadly conduct, an offense appellant contends was a lesser-included offense raised by the evidence. Because controlling case authority requires us to do so, we will affirm.

A review of the circumstances leading to the victim's death is necessary. On April 21, 1998, George Carter, driving his Ford Taurus, disregarded a stop sign at the intersection of Buckingham Rd. and Abrams Rd. and proceeded into the path of a Honda Prelude driven by appellant. A witness saw appellant, who was exceeding the 35 m.p.h. speed limit, break hard and veer in an attempt to avoid the collision; however, appellant's vehicle struck Carter's vehicle in the area of its driver's side door. Carter died from the injuries he received. The contested issue at trial concerned appellant's speed at the time he approached the intersection. The State presented evidence that appellant was traveling at a minimum of 79 m.p.h. prior to braking, and that the minimum speed at impact was 68 m.p.h. An accident reconstruction expert testifying for appellant calculated his speed at 65 m.p.h. prior to braking, and 45 m.p.h. at impact. Both parties agree that, under either scenario, appellant was traveling well in excess of the speed limit at the time he entered the intersection. The police traffic investigator admitted that the person most at fault in the collision was Carter, and there was evidence that even had appellant been traveling at the posted 35 m.p.h. speed limit Carter would likely not have survived the accident.

The trial court included in its jury instructions an abstract paragraph and an application paragraph on concurrent causation. The instructions permitted the jury to consider verdicts for the offenses of manslaughter and its lesser-included offense, criminally negligent homicide. The instructions also requested the jury to determine the special issue of whether appellant used his car as a deadly weapon during the commission of the offense. The jury returned a verdict of "guilty" to the offense of criminally negligent homicide, but found that appellant "did not" use his car as a deadly weapon.

The trial court denied appellant's request for a jury instruction on the offense of deadly conduct:

> Deadly Conduct. (a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury.
>
> . . .
>
> (e) An offense under Subsection (a) is a Class A misdemeanor.

TEX. PENAL CODE ANN. § 22.05 (Vernon 1994).

Appellant contends the trial court erred in refusing to provide the requested instruction because deadly conduct is a lesser-included offense of manslaughter and was raised by the evidence. Manslaughter is a second degree felony:

> Manslaughter. (a) A person commits an offense if he recklessly causes the death of an individual.

TEX. PENAL CODE ANN. § 19.04 (Vernon 1994).

The Texas legislature has provided four ways an offense may qualify as a lesser-included offense:

> An offense is a lesser included offense if:
>
> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981).

Appellant contends his requested instruction on deadly conduct meets this test. The State counters that deadly conduct is, in fact, not a lesser-included offense because it contains two elements not required for manslaughter: (1) conduct; that (2) places another in imminent danger of serious bodily injury. We do not agree. The fact the manslaughter statute does not explicitly require that the defendant engage in "conduct," while the deadly conduct statute *does*, is of no legal significance because it is difficult, if not impossible, to construct a scenario in which a person could commit the offense of manslaughter without engaging in "conduct." The other dissimilar element noted by the State— deadly conduct's requirement of evidence that the defendant place another in "imminent danger of serious bodily injury"—is also inconsequential. Art. 37.09(2) provides that an offense constitutes a lesser-included offense if it differs from the offense charged only in the respect that a less serious injury or risk of injury suffices to establish its commission. Placing another in imminent danger of serious bodily injury is a less serious injury than death. Therefore, deadly conduct would appear to constitute a lesser-included offense to manslaughter under our facts. Nevertheless, we cannot overlook the existence of controlling authority supporting the

State's alternative argument that the jury could not have convicted appellant of deadly conduct because that offense is reserved for defendants whose victims are not injured. In *Gallegos v. State*, the Texas Court of Criminal Appeals held that an offense under Penal Code Section 22.05 "applies to those acts that *fall short of injuring another*." *Gallegos v. State*, 548 S.W.2d 50, 50 (Tex.Crim.App.1977) (emphasis in original). Although *Gallegos* is only a commissioner's decision, the rule we follow here has never been abrogated by subsequent authority. In the subsequent case of *Bell v. State*, 693 S.W.2d 434 (Tex. Crim.App.1985), the Court of Criminal Appeals *did* criticize another aspect of the *Gallegos* opinion. In *Gallegos*, the Court ruled that the offense of reckless conduct is a lesser included offense to assault.[1] In *Bell*, the court ruled this statement in *Gallegos* was "overbroad and mere dictum." *Id.* at 436. Arguably, the ruling in *Gallegos* that we follow today is also overbroad. Under circumstances where the evidence shows both the victim and the defendant engaged in conduct resulting in the victim's injuries, it would seem preferable that the trier of fact be authorized to consider whether a defendant charged with manslaughter is guilty of only the lesser offense of deadly conduct. However, until such a time as the Court of Criminal Appeals specifically overturns its ruling in *Gallegos*, we will continue to enforce its rule that a defendant may be convicted of deadly conduct only where the defendant's acts fall short of injuring another. Point one is overruled.

The trial court's judgment is affirmed.

---

**1.** Before September 1, 1994, the offense of deadly conduct was named "reckless conduct."